AYRES, Judge.
This is an appeal by the administrator of the Division of Employment Security of the Department of Labor, State of Louisiana, from a judgment reversing a decision of the Board of Review of that department and directing the defendant to recognize plaintiff’s eligibility for unemployment compensation and to pay the benefits to which he is allegedly entitled under the provisions of the Louisiana Employment Security Law (LSA-R.S. 23:1471 et seq.). The defense asserted by the administrator is that, under the aforesaid statute, the employer, Harry Lawler, d.b.a. Lawler Marine Construction, was not an employing unit within the purview of the statute and was therefore not subject to the provisions of the statute in that he did not employ four or more individuals during each of 20 different weeks within a calendar year, and that, as a consequence, plaintiff’s employment was not covered by the statute.
In this connection, it may be pointed out that the statute, LSA-R.S. 23:1629, provides when, on an appeal to the Board of Review, a question is presented as to whether clamaint’s services were performed in an employment or for an employer contemplated by the statute, notice of such an issue and of the appeal be given to the employing unit and to the administrator, both of whom, the statute provides, shall be made parties to the proceeding and afforded an opportunity to adduce evidence bearing on such question. In this proceeding, claimant concedes that the administrator was not notified by the appeal tribunal, as required by the statute, and that the administrator, as such, was not made a party to this proceeding. The employer made no appearance.
Claimant and three other witnesses testified that they were employed by Lawler and that others were likewise employed by him. However, their testimony does not establish that the employer had as many as four individuals in his employment during 20 different weeks of any calendar year.
While we find no substantial basis for claimant’s complaint that he was not given a fair trial or afforded an opportunity to examine his own witnesses, it does appear that it could have been, and may yet be, established, to a reasonable certainty, whether Harry Lawler, d.b.a. Lawler Marine Construction, is or was an employing unit within the definition of such and in the purview of the statute. The administrator, as well as claimant and the employer, is concerned with a proper resolution of this question. The concern of the administrator and of the employer relates to the tax with which the employer may or may not be assessed. Claimant’s concern relates to his entitlement to employment compensation. From a review of the record, we are of the opinion that those so concerned should have the opportunity to establish the true facts.
Claimant-appellee, however, appears to-contend that the question as to the employer’s qualifications under the statute as an employing unit is no longer an issue. This-is predicated upon a finding by the referee of claimant’s disqualification because of insufficient earnings. However, claimant’s, own notice to the appeals referee and sub *340 sequently to the Board of Review raises and urges this question.
For the reasons assigned, the judgment appealed is annulled, avoided, reversed, and set aside; and
It is now Ordered, Adjudged, and Decreed that this proceeding be remanded to the Board of Review for the taking of additional testimony, at a hearing preceded by proper notice to the employer, the employee, and the administrator, concerning the question as to whether or not Harry Lawler, d.b.a. Lawler Marine Construction, was an employing unit within the definition and purview of the Louisiana Employment Security Law, and, on the basis of its findings, for the rendition of an appropriate decree.
Reversed and remanded.